PERRY L. FULLER, APPELLEE, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 2, 1915.   No. 18184.

Carriers: TRANSPORTATION OF LIVE STOCK: ACTION FOR INJURIES: INSTRUCTIONS. Where a joint action was brought against an initial and a connecting carrier for injuries to animals transported over both roads and a judgment was rendered exonerating the connecting carrier, from which judgment no appeal was taken, it was erroneous to instruct the jury, on appeal to the district court by the initial carrier from the judgment against it, that they might consider and assess damages for injuries occurring on the line of the connecting carrier.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. Reversed.

A. A. McLaughlin, Edgar R. Hart and Wymer Dressler, for appellant.

W. A. Prince, contra.

LETTON, J.

Plaintiff delivered 54 head of horses and mules at Ewing, Nebraska, to the defendant to be transported to Grand Island, Nebraska. Plaintiff charges that, while the horses were being loaded, the loading chute broke and several of the horses were injured. The animals were loaded in two cars, one of which cars is charged to have been defective, which were taken to Norfolk by the defendant, and from there were transported to Grand Island by the Union Pacific Railroad Company. When the horses ar-

rived at Grand Island, several of them were found to be injured, as plaintiff claims to his damage in the sum of $145, for which amount verdict and judgment were rendered against the defendant. Defendant appeals.

It appears that the action was originally commenced in the county court of Hall county against the Chicago & Northwestern Railway Company and the Union Pacific Railroad Company as joint defendants. The trial there resulted in a verdict in favor of plaintiff against the Chicago & Northwestern Railway Company, and against the plaintiff in favor of the Union Pacific Railroad Company. The Chicago & Northwestern Railway Company alone appealed. The plaintiff filed his petition in the district court against the latter company alone. In its answer defendant admitted that it received the horses, denied that the loading chute or either of the cars were out of repair, alleged that the plaintiff entered into a written contract whereby it was agreed that the defendant should not be liable for any injuries in carrying the animals except upon its own line, and that it safely conveyed the horses to Norfolk and delivered the animals to the Union Pacific Railroad Company, in good condition according to contract. It was further alleged that, on account of the judgment mentioned, plaintiff is estopped to claim any liability against this defendant for any damage or injury occurring while in the hands of the Union Pacific Railroad Company.

Plaintiff insists that the contract was one for a through shipment from Ewing to Grand Island, while the defendant takes the position that by the contract defendant only undertook to transport the animals safely to Norfolk and there deliver them to the connecting carrier to be transported to Grand Island. Defendant insists that under the holding in *Fremont, E. & M. V. R. Co. v. Waters,* 50 Neb. 592, *Fremont E. & M. V. R. Co. v. New York, C. & St. L. R. Co.,* 66 Neb. 159, and *Whitnack v. Chicago, B. & Q. R. Co.,* 82 Neb. 464, the defendant is not liable for injuries not occurring upon its own line of road. Contracts similar to the one in question were held to provide for a

through shipment in the cases of *Chicago, R. I. & P. R. Co. v. Western Hay & Grain Co.*, 2 Neb. (Unof.) 784, and *St. Joseph & G. I. R. Co. v. Palmer*, 38 Neb. 463. Section 6058, Rev. St. 1913, provides in part: "Whenever two or more railroads are connected together, the company owning either of such roads receiving freight to be transported to any place on the line of either of the roads so connected shall be liable as common carriers for the delivery of such freight, to the consignee of the freight, in the same order in which such freight was shipped." No reference seems to have been made to this statute in such former opinions.

Under the peculiar circumstances of this case, we think it is unnecessary to consider this question critically. The action was originally a joint action against both carriers. The issue as to whether the injuries occurred upon the line of the Union Pacific Railroad Company or the Chicago & Northwestern Railway Company was tried and determined in the county court. No appeal was taken from this judgment. The plaintiff is bound by it, and cannot now assert in the same action that the Chicago & Northwestern Railway Company is liable for injuries which may have occurred on the line of the Union Pacific Railroad Company. Plaintiff was not obliged to join both carriers; but, having elected to try that issue, he is bound by its adjudication.

We think that the trial court erred in refusing to instruct the jury at the request of defendant that the defendant was not liable for injuries which the animals may have received while being transported by the Union Pacific Railroad Company, and in instructing on the theory that it was immaterial on which line the injuries occurred. The defendant is liable for any damages which may have resulted prior to the delivery of the animals to the Union Pacific Railroad Company.

It is impossible to determine how far the testimony as to the loading chute and cars affected the verdict. It will therefore be necessary for a retrial of the case with the issues confined to the injuries suffered before the Union

Pacific Railroad Company assumed control of the shipment.

The judgment of the district court is reversed and the cause remanded.

REVERSED.

ROSE, FAWCETT and HAMER, JJ., not sitting.